[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE PLAINTIFF'S MOTION TO DISMISS APPEAL OF THE DEFENDANT, VIACOM OUTDOOR, INC.
In this motion, the plaintiff/appellee, Commissioner of Transportation (Commissioner), asks this court to dismiss the Appeal from Assessment of Damages which was filed by the defendant/appellant, Viacom Outdoor, Inc. (Viacom). The plaintiff/appellee argues that the defendant, who owned a leasehold and two billboards on the property taken, was not aggrieved by the condemnation; accordingly, lacks standing to pursue this appeal. The Commissioner' s argument that Viacom was not aggrieved by the condemnation is twofold: first, the billboards are personal rather than real property and were not "taken" by the state; and second, the defendant did not allege that the value of its Easement Leasehold was below market, which is necessary to demonstrate aggrievement, where the interest in property is a leasehold.
Facts
On February 8, 2002, the Commissioner of Transportation acquired by condemnation a 3.43 acre parcel of land located at 60 Reidville Road, Waterbury, CT. The defendant's predecessor in interest, Gannett Outdoor Co. of Connecticut, originally owned this property, on which it erected two billboards in circa 1960. In 1988, Gannett sold the property to Paul and Kim Rechenberg who, in turn, gave Gannett a 99 year Easement Lease on the property. Viacam, as successor in interest to Gannett, assumed this lease. At time of the condemnation, the defendant possessed a leasehold interest in the property, on which it maintained the billboards.
Discussion
Connecticut General Statute § 13a-76 limits the scope of those who may pursue a condemnation appeal to those who have been aggrieved by the Commissioner's assessment of special damages. "[T]he fundamental test for determining aggrievement encompasses a well-settled twofold CT Page 11027 determination: first, the party claiming aggrievement must successfully demonstrate a specific personal and legal interest in the subject matter of the decision, as distinguished from a general interest, such as is the concern of all members of the community as a whole. Second, the party claiming aggrievement must successfully establish that this specific personal and legal interest has been specially and injuriously affected by the decision. . . . Aggrievement is established if there is a possibility, as distinguished from a certainty, that some legally protected interest . . . has been adversely affected." (Citation omitted; internal quotation marks omitted.). Tilcon Minerals, Inc. v. Commissionerof Transportation, No. 058636 (Oct. 19, 2000) 2000 CT. Sup. 13256, citing: Med-Trans of Connecticut, Inc. v. Dept. of Public Health Addiction Services, 242 Conn. 152, 158-59, 699 A.2d 142 (1997).
The defendant/appellee owned an easement leasehold on which it maintained two commercial billboards. The Commissioner posits that the billboards were not "taken;" therefore, Viacom was not aggrieved. The critical issue, however, is whether an easement leasehold bestows upon the owner the necessary legal and personal interest to satisfy the requirements of aggrievement. "Holders of a leasehold have such an interest in property as to be classified as "owners" in the constitutional sense, and are entitled to compensation for the taking of their interest." Housing Authority of the City of Hartford v. CharterOaks Terrace/Rice Heights Health Center, Inc., 2002 WL 1131572
(Conn.Super. Bieluch, J.); citing: 2 P. Nichols, Eminent Domain (3d Ed. Rev. 1996) § 5.02 [6], p. 5-94. Accordingly, as a leaseholder of a portion of the condemned land, the defendant/appellee possesses a personal and legal interest in the property, which has been injuriously affected. This is sufficient to satisfy the requirements of aggrievement. Whether the billboards are permanent structures which improve the property, as argued by Viacom, or are non-compensable personal property, as argued by the Commissioner, are questions relevant to the ultimate value of the defendant/appellee's leased property, rather than Viacom's standing to bring this appeal.
The plaintiff/appellant also argues that Viacom has failed to plead that the leasehold has a value below market which is jurisdictionally required; therefore, its appeal must be dismissed. In support of this position the Commissioner cites: Konover v. West Hartford, 242 Conn. 727,734, 699 A.2d 158 (1997), in which the Supreme Court clarified the role of the trial court in a § 12-117a appeal. The specific pleadings in such an action, however, were not addressed by the Court. Rather, the Supreme Court emphasized that at trial the burden "is on the plaintiff to show that he has, in fact, been aggrieved by the action of the board in that his property has been over-assessed." Id. CT Page 11028
The defendant/appellee has sufficiently pled facts and allegations, which, if proven, would constitute aggrievement. For the above reasons, the plaintiff/appellant's Motion to Dismiss is denied.
CAROL A. WOLVEN, J. CT Page 11029